IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MARCUS DEWAYNE WILLIAMS,       §
TDCJ No. 2191711,               §
                                §
        Petitioner,             §
                                §
V.                              §          No. 3:21-cv-1300-S-BN
                                §
DIRECTOR, TDCJ-CID,             §
                                §
        Respondent.             §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Marcus Dewayne Williams, a Texas prisoner, filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254 in the Eastern District of Texas collaterally attacking his 2018 Dallas County conviction for aggravated robbery. *See* Dkt. No. 11; *State v. Williams*, F16-75985-I (Crim. Dist. Ct. No. 2, Dallas Cnty., Tex.), *aff'd*, No. 05-18-00760-CR, 2019 WL 5119043 (Tex. App. – Dallas Oct. 7, 2019, pet ref'd).

Williams initiated his federal habeas action in the Eastern District by requesting, through a filing made no sooner than January 28, 2021, that the Section 2254 proceeding be stayed and abated to allow him to exhaust available state remedies. *See* Dkt. No. 1.

And, after his case was transferred to this Court, *see* Dkt. No. 12, the presiding United States district judge referred it to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Williams makes clear in his federal filings that he has not pursued state habeas relief. *See* Dkt. No. 1; Dkt. No. 11 at 3-4. Records from the Texas Court of Criminal Appeals (the CCA) and Dallas County confirm this. And Williams further explains that the claims made in the Section 2254 application were not presented to the CCA through a petition for discretionary review (a PDR). *See* Dkt. No. 11 at 8; *cf. Williams v. State*, PD-1184-19 (Tex. Crim. App. Feb. 12, 2020).

So, because Williams has failed to show that, before resorting to Section 2254 relief, he fully and properly exhausted his state remedies, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the habeas application under Rule 4 of the Rules Governing Section 2254 Cases without prejudice to Williams's right to do so. The Court should also deny any request to file a protective petition.

"[S]tate courts play the leading role in assessing challenges to state sentences based on federal law." *Shinn v. Kayer*, 141 S. Ct. 517, 526 (2020) (per curiam). A state petitioner must therefore fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A); *Loynachan v. Davis*, 766 F. App'x 156, 159 (5th Cir. 2019) ("A federal court may not grant habeas relief unless the petitioner 'has exhausted the remedies available in the courts of the State.'" (quoting 28 U.S.C. § 2254(b)(1)(A))).

This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v.*

*Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989).[1]

Texas prisoners must present their claims to the CCA in a PDR or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). "A petitioner need merely press a claim through one of these avenues to exhaust that claim. [But, t]o exhaust a claim, it must also be presented in a procedural context in which state courts necessarily review the claim on the merits." *Loynachan*, 766 F. App'x at 159 (citations omitted).

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the

---

[1] *See also Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) ("The exhaustion doctrine demands more than allusions in state court to facts or legal issues that might be comprehended within a later federal habeas petition. The exhaustion doctrine is based on comity between state and federal courts, respect for the integrity of state court procedures, and 'a desire to protect the state courts' role in the enforcement of federal law.'" (quoting *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (quoting, in turn, *Rose v. Lundy*, 455 U.S. 509, 518 (1982)))); *Loynachan*, 766 F. App'x at 159 ("To determine whether a § 2254 petitioner has exhausted a claim, his federal claim should be compared with the claim he raised in state court 'It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made.' 'Rather, the petitioner must afford the state court a "fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim."' This reflects the fact in the habeas system, state courts are provided the first opportunity to assess the claim." (citations omitted)).

respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254
Rule 4 Advisory Committee Notes); *see Rodriguez v. Dretke*, No. 5:04-cv-28-C, 2004
WL 1119704, at *1 (N.D. Tex. May 17, 2004) (applying Rule 4 prior to the filing of an
answer where this "Court [was] of the opinion that [the petitioner] has failed to
exhaust his state court remedies" (citing *Kiser*)).[2]

Because it is apparent that the CCA has yet to address the substance of the
habeas claims that Williams intends to raise in this Court, he has failed to exhaust
state remedies in a procedurally correct manner, and his Section 2254 petition should
be dismissed without prejudice under Rule 4. *See, e.g.*, *Sam v. Louisiana*, 409 F. App'x
758, 763 (5th Cir. 2011) (per curiam) ("A federal district court may not adjudicate a
habeas petition unless all claims in the petition are exhausted." (citing *Rhines v.
Weber*, 544 U.S. 269, 274 (2005))).

And, to the extent that Williams has filed a protective petition and/or has
requested stay and abeyance, *see* Dkt. No. 1; Dkt. No. 11 at 9,

> [t]he United States Supreme Court has suggested that a petitioner is
> entitled to file a "protective" petition in federal court and request stay
> and abeyance notwithstanding his failure to fully exhaust state
> remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). However,
> such a motion is only appropriate in limited circumstances. *See Rhines*,

---

[2] *See also Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998) ("[T]here is
no doubt that a federal court may raise *sua sponte* a petitioner's failure to exhaust
state law remedies and apply that doctrine to bar federal litigation of petitioner's
claims until exhaustion is complete." (citations omitted)); *cf. Dispensa v. Lynaugh*,
847 F.2d 211, 217 (5th Cir. 1988) ("This requirement, that a petitioner who seeks
federal redress must first seek relief in state courts and thus exhaust his state
remedies, is not a jurisdictional prerequisite, but a prudential policy based on
concerns for federalism." (citations omitted)).

> 544 U.S. at 277. Specifically, to be entitled to a *Rhines* stay, the petitioner must show: (1) good cause for his failure to exhaust his claims, (2) his unexhausted claims are not plainly meritless, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *See id.* Good cause for failing to exhaust state avenues of relief is a balance of the interests served by the exhaustion requirement and finality with the clear instruction to litigants to ensure each federal claim has been taken to state court first. *See Rhines*, 544 U.S. at 276-77 (citing *Rose*, 455 U.S. at 520). The Supreme Court has not articulated a specific test for good cause to justify stay and abatement. *See Pace*, 544 U.S. at 416. It has found that "reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause'" under *Rhines. Id.* at 416-17. Courts have also found good cause to stay and abate a mixed petition based on ineffective assistance of post-conviction counsel, the prosecution's wrongful withholding of evidence, or other external objective factors not fairly attributable to the petitioner. *See Doe v. Jones*, 762 F.3d 1174, 1182 (10th Cir. 2014) (canvassing reasons federal courts have found good cause to stay and abate).

*McCoy v. Louisiana*, No. 6:19-CV-00061, 2019 WL 1601722, at *1 (W.D. La. Apr. 15, 2019) (citations modified); *see also Slater v. Davis*, 717 F. App'x 432, 439 (5th Cir. 2018) ("Permission to return to state court is a safety valve for unexhausted claims and, as such, is limited to situations where the district court finds 'that there was good cause for the failure to exhaust the claim; that the claim is not plainly meritless; and there is no indication that the failure was for the purposes of delay.' Further, the petitioner must show that he has remedies under state law." (quoting *Williams v. Thaler*, 602 F.3d 291, 309 (5th Cir. 2010); citing *Rhines*, 544 U.S. at 277-78)).

Further, the "good cause" envisioned in the first factor is an equitable inquiry, not merely a good excuse. *See Ruiz v. Quarterman*, 504 F.3d 523, 529 n.17 (5th Cir. 2007) ("Here the district court determined that Ruiz had both a compelling claim and a good excuse for his failure to exhaust. The court did not find a 'good excuse' in the technical sense, of course, and this cannot be how the phrase was intended by the

Supreme Court, for with such 'good cause' a district court could simply excuse the failure to exhaust on the spot. The Supreme Court rather intended the district court find 'good cause' in the equitable sense."); *Arnaud v. Vannoy*, Civ. A. No. 17-37-JWD-RLB, 2019 WL 5580981, at *2 (M.D. La. Oct. 2, 2019) ("Neither the [Supreme Court] nor the United States Court of Appeals for the Fifth Circuit has clearly articulated the standard that should be applied in determining whether good cause exists in this context. 'However, good cause clearly requires more than merely a good excuse, because the Supreme Court did not intend to grant unbridled discretion to stay and abate.'" (citations omitted)), *rec. adopted*, 2019 WL 5580228 (M.D. La. Oct. 29, 2019).

> [And t]he second and third *Rhines* factors limit stays for potentially meritorious claims and to petitioners who do not intentionally delay litigation. *See Rhines*, 544 U.S. at 278. These factors help ensure that a stay is granted only in situations where the prisoner's interest in obtaining federal review of his claims outweigh the concerns of the AEDPA. Thus, this Court follows the Ninth and Tenth circuits by adopting a standard that reasonably balances a prisoner's interest in federal review of his claims with the policies behind the AEDPA. Petitioners show good cause when they provide a reasonable excuse external to their efforts to comply with the statute of limitations and one that cannot be rationally placed onto them. Further, the excuse must be supported by a showing of merit.

*Lopez v. Stephens*, Civ. A. No. B-15-144, 2016 WL 4126014, at *4 (S.D. Tex. Apr. 25, 2016) (discussing *Blake v. Baker*, 745 F.3d 977, 981-84 (9th Cir. 2014); *Doe*, 762 F.3d at 1181-82), *rec. adopted*, 2016 WL 4131861 (S.D. Tex. Aug. 2, 2016).

Before applying the *Rhines* factors, the Court should observe that "[i]t is unclear whether a stay under *Rhines* may be granted in 'non-mixed' petitions" – that is, petitions, like Williams's, "in which all claims within the habeas petition are wholly exhausted or unexhausted." *Lopez*, 2016 WL 4126014, at *3 (citing *Green v.*

*Thaler*, 699 F.3d 404, 420 (5th Cir. 2012); citation omitted); *see also Grace v. Vannoy*, 826 F.3d 813, 815 (5th Cir. 2016) ("During the federal habeas proceedings, the district court discovered that Grace potentially had additional habeas claims against the State of Louisiana. Because dismissing Grace's petition to allow him to exhaust those new claims in state court would cause his already-exhausted claims to become time-barred, the district court entered a stay pursuant to *Rhines* … , in which the Supreme Court addressed this very dilemma." (emphasis added)).

But, if a *Rhines* stay may apply to "non-mixed" petitions generally, granting such a stay is not appropriate here because Williams has not met his initial burden under *Rhines* – to show good cause for his failure to exhaust his claims (or that the equities favor allowing his habeas claims to proceed in federal court absent exhaustion of state remedies).

For example, Williams cites the COVID-19 pandemic generally but fails to explain why the pandemic made it impossible to pursue state remedies, particularly because it appears that he was able to file in federal court within one year of his state conviction becoming final. *Compare Williams*, PD-1184-19 (refusing PDR on Feb. 12, 2020) *and* Dkt. No. 1 (plausibly deposited into prison mailing system on Jan. 28, 2021), *with Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (observing that, if a petitioner halts the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows 90 days for filing a petition for certiorari following the entry of judgment); *see also* 28 U.S.C. 2244(d)(2) ("The time during which a properly filed

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" is excluded from the limitations period applicable to seeking federal habeas relief); *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (concluding "that § 2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition").

### Recommendation and Directions to Clerk of Court

The Court should deny any request made by Petitioner Marcus Dewayne Williams to stay and abate this proceeding and then dismiss his application for a writ of habeas corpus under Rule 4 of the Rules Governing Section 2254 Cases without prejudice to Williams's right to fully and properly exhaust state remedies. The Court should further direct that the Clerk of Court serve any order accepting or adopting this recommendation on the Texas Attorney General.

The Clerk of Court is DIRECTED to serve electronically a copy of this recommendation and the petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General as counsel for Respondent, directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office. *See* RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV.

P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: June 9, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE